# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY SELLERS,<br>    Petitioner, | Civil Action No. 1:07-cv-842 |
| | Spiegel, J. |
| vs. | Black, M.J. |
| HONORABLE ROBERT P.<br>RUEHLMAN,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner Anthony Sellers brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This case is now before the Court on the petition (Doc. 2) and respondent's return of writ and exhibits thereto (Doc. 9), to which petitioner has not responded.

## I. PROCEDURAL HISTORY

On August 11, 2007, petitioner was arrested on a charge of assaulting Paul Mizell. (Doc. 2 at 1-2). On August 20, 2007, petitioner was indicted by the Hamilton County, Ohio Grand Jury on two counts of felonious assault as defined in Ohio Revised Code § 2903.11(A)(1) and (A)(2). (Case No. B 070851, Hamilton County, Ohio). The petition alleges that on September 14, 2007, a pretrial hearing was held before trial judge Robert P. Ruehlman. (Doc. 2 at 2). The petition states that trial was scheduled for October 4, 2007, and that "the alleged victim" had never appeared at any pretrial proceedings. Petitioner instructed his appointed counsel to request a dismissal of the criminal prosecution since Mr. Mizell had "never been in attendance for any court proceedings." *Id*. The trial judge denied the request. (Doc. 2 at 2).

Petitioner filed the instant habeas corpus petition on October 9, 2007. (Doc. 2). The petition alleges that petitioner was denied the right to confront his accuser in violation of the Confrontation

Clause to the United States Constitution. Petitioner seeks a writ of habeas corpus and an order directing Judge Ruehlman to dismiss the pending prosecution. (Doc. 2 at 4).

In the return of writ, respondent presents evidence showing that on November 5, 2007, petitioner pled guilty to a reduced charge of M1 Assault on Count 1 of the indictment in exchange for dismissal of Count 2 of the indictment. (Doc. 9, Exhibit). The plea included an agreed sentence of 86 days in the Hamilton County Justice Center with credit for 86 days served. *Id*. Petitioner filed a motion to withdraw his plea on November 21, 2007, which was overruled by the trial judge by entry dated December 4, 2007. *Id*. Petitioner did not pursue an appeal of his conviction or sentence, and he is no longer incarcerated at the Hamilton County Justice Center. (Doc. 9 at 2).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of a state court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

   1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   2. resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell,* 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall,* 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.*

### III. THE PETITION SHOULD BE DENIED.

Petitioner contends he was denied the right to confront his accuser because the State never produced Mr. Mizell to testify at any pretrial proceedings.

The Confrontation Clause to the United States Constitution provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. "The Confrontation Clause provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to

3

conduct cross-examination." *Pennsylvania v. Ritchie,* 480 U.S. 39, 51 (1987) (plurality opinion) (citing *Delaware v. Fensterer,* 474 U.S. 15, 18-19 (1985) (per curiam)). The guarantees of a face-to-face confrontation with witnesses at trial and of the right to cross-examine those witnesses serve to promote reliability in the truth-finding process of a criminal trial. *Maryland v. Craig,* 497 U.S. 836, 845-47 (1990).

The right to confront one's accuser, however, "is a *trial* right. . . ." *See Ritchie,* 480 U.S. at 52 (emphasis in original) (holding that right of confrontation is a right pertaining to trial, not to pretrial activities). *See also Kentucky v. Stincer*, 482 U.S. 730, 738 n. 9 (1987) (collecting cases). "Because the right to confrontation under the Confrontation Clause is a trial right, it does not apply to other court proceedings that are not part of the jury trial." *Spight v. Stovall*, 2008 WL 2447151, *4 (E.D. Mich. 2008) (citing *Penton v. Kernan*, 528 F. Supp.2d 1020, 1037 (S.D. Cal. 2007); *Shelton v. Leblanc*, 2005 WL 3543949, *7 (E.D. La. 2005)). Accordingly, petitioner had no right to confront Mr. Mizell during the pretrial proceedings in his case. Therefore, his Confrontation Clause claim provides no basis for habeas corpus relief.

Moreover, petitioner's guilty plea forecloses the Confrontation Clause challenge in this habeas corpus proceeding. When a criminal defendant enters a voluntary guilty plea, he waives all non-jurisdictional defects in the proceedings. *United States v. Ormsby,* 252 F.3d 844, 848 (6th Cir. 2001); *United States v. Pickett,* 941 F.2d 411, 416 (6th Cir. 1991); *Austin v. Perini*, 434 F.2d 752 (6th Cir. 1970). As the Supreme Court observed in *Tollett v. Henderson,* 411 U.S. 258 (1973):

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

397 U.S. at 267. *See also McMann v. Richardson,* 397 U.S. 759, 768-69, 771 (1970). "[A] guilty

plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). A guilty plea thus waives the constitutional rights inherent in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004). *See also Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712 (1969).[1]

By pleading guilty, petitioner waived his right to confront his accuser and admitted to the assault offense. Upon pleading guilty, petitioner no longer had a right to confront Mr. Mizell and waived his right to assert a confrontation claim in this habeas corpus proceeding. Accordingly, petitioner is not entitled to habeas relief on this claim.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the claim alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claim. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/16/2008                      s/Timothy S. Black
                                                                Timothy S. Black
                                                                United States Magistrate Judge

---

[1] Although a defendant who pleads guilty may attack the validity of his guilty plea by showing that under the circumstances his guilty plea was not intelligently or voluntarily entered, *Tollett,* 411 U.S. at 267, petitioner has made no such claim in this case.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ANTHONY SELLERS,  
    Petitioner,

vs.

HONORABLE ROBERT P. RUEHLMAN,  
    Respondent.

Civil Action No. 1:07-cv-842

Spiegel, J.  
Black, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).