```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

ANTHONY SELLERS,                :
                                :    NO. 1:07-CV-00842
        Petitioner,             :
                                :
                                :
   v.                           :    **OPINION AND ORDER**
                                :
                                :
HONORABLE ROBERT P. RUEHLMAN ,  :
                                :
        Respondent.             :


This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's Petition for Writ of Habeas Corpus be denied (doc. 12). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

On October 9, 2007, pro se Petitioner Anthony Sellers, then an inmate at the Hamilton County Justice Center in Cincinnati, Ohio, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Id.). Petitioner argued that he was denied his constitutional right to confront his accuser because the State never produced Mr. Mizell (the accuser) to testify at any pretrial proceedings in violation of the Confrontation Clause to the United States Constitution (doc. 2).

In the Report and Recommendation, the Magistrate Judge considered Petitioner's argument, and found it to be without merit (doc. 12). In considering Petitioner's ground for relief, the

Magistrate Judge concluded that "Petitioner had no right to confront Mr. Mizell during pretrial proceedings" because, "the right to confront one's accuser is a right pertaining to trial, not to pretrial activities" (Id.). The Magistrate Judge further stated that "Petitioner's guilty plea forecloses the Confrontation Clause challenges" because "when a defendant enters a voluntary guilty plea, he waives all non-jurisdictional defects in the proceedings" (Id.). Moreover, the Magistrate Judge noted, as of November 5, 2007 the Petitioner is no longer being detained in the Hamilton County Justice Center (doc. 9). The Court, having fully considered this matter, finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

The parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636(b), the COURT ADOPTS the Magistrate Judge's Report and Recommendation (doc. 12) in its entirety, and therefore DENIES

Petitioner's writ of habeas corpus (doc. 3). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claim the Court **DOES NOT** issue a certificate of appealability in this case. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Finally, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore **DENIES** Petitioner leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u> upon a showing of financial necessity.


SO ORDERED.


Dated: February 10, 2009          /s/ S. Arthur Spiegel
                                                    S. Arthur Spiegel
                                                    United States Senior District Judge